# IN THE COURT OF APPEALS OF IOWA

No. 18-2038
Filed November 27, 2019

**NICKOLAS L. TANK,**
        Plaintiff-Appellee,

**vs.**

**HOLLY SEXTON n/k/a HOLLY TEEPE,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Chickasaw County, Richard D. Stochl, Judge.

Holly Sexton, now known as Holly Teepe, appeals from the decree that decided physical care of D.T., her child with Nickolas Tank.  **AFFIRMED.**

William P. Baresel of Prichard Law Office, PC, Charles City, for appellant.

Christopher O'Donohoe of Elwood, O'Donohoe, Braun & White, LLP, New Hampton, for appellee.

Considered by Vaitheswaran, P.J., Mullins, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**VOGEL, Senior Judge.**

Holly Sexton, now known as Holly Teepe, appeals from the decree that decided physical care of D.T., who was born to Nickolas Tank and Holly in 2011. The parties never married, and they separated about ten months after D.T.'s birth. On October 16, 2013, the parties filed a stipulation with the district court wherein they agreed to joint legal custody and joint physical care of D.T. On April 5, 2017, Nickolas filed a "Petition for Modification of Decree," seeking physical care of D.T. after Holly moved to a different county and school district. Holly filed an answer requesting the court place physical care with her. On September 28, 2018, the matter proceeded to trial, where Holly alternatively requested to continue the joint physical care arrangement with D.T. attending school in a new district between the parties' homes. On October 16, the district court entered its decree granting joint legal custody, placing physical care with Nickolas, and establishing a visitation schedule with Holly and other provisions.[1]

On appeal, Holly renews her request to grant her physical care or continue joint care with schooling in a new district, asserting she can provide a safe and steady environment for D.T. in her new home. She points to recent improvements in her life, including her August 2017 marriage. She also asserts the court failed to fully consider the half-sibling relationship between D.T. and Holly's other child, born almost four months prior to trial, when granting physical care.

---

[1] Despite Nickolas captioning his petition as a "Petition for Modification of Decree," the court issued an initial determination of custody and care under Iowa Code section 598.41 (2017). Holly does not claim the court erred by failing to treat the proceeding as a modification.

In a well-reasoned opinion, the district court complimented both parties as "quality parents," finding D.T. would "be well cared for in either home" and the joint care arrangement would continue to work if the parties lived in the same community. While finding both parties "equal" as parents, the court placed physical care with Nickolas because he "has the advantage of location." The court noted D.T. has lived in Nickolas's community since birth, has attended school in the current district since age three, and has no connection to the Holly's new community aside from Holly and her immediate family. The court also declined to order D.T. to attend school in a new district half-way between the parties because D.T. has no connection to that district. On our de novo review of the record, we agree with the district court's decision to place physical care with Nickolas, and we affirm without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (b), (d), (e).

**AFFIRMED.**